UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **RICHARD WAGNER**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:25-cv-1026 |
| ) | |
| v. ) | |
| ) | Judge: |
| **HARI AUM LLC, a Missouri Limited** ) | |
| **Liability Company** ) | |
| ) | |
| Defendant ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Richard Wagner, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Hari Aum LLC, a Missouri Limited Liability Company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of

Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. The Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff is located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Richard Wagner ("Plaintiff" or "Mr. Wagner") is a Delaware County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant, Hari Aum LLC, owns and/or operates Motel 6, which is a hotel located at 848 State Route 97 West, Bellville, OH, 44813 located in Richland County.

6. Upon information and belief, the hotel owned or operated by the Defendant, Hari Aum LLC, is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Wagner is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Mr. Wagner is a Delaware County, Ohio resident and a race car enthusiast. He competes as a licensed competition driver with the National Auto Sport Association (NASA) throughout the Great Lakes Region and beyond. Mr. Wagner has been driving two to three times annually (and in some seasons more) at the Mid-Ohio Race Complex located in Lexington, OH every year since 2012. He was there last on the dates of April 19-20, 2024, May 23-24, 2025 and August 22-23, 2024. He has firm plans to return May 23-25, 2025.

9. On April 19-21, 2024, Plaintiff patronized the Defendant's property as an overnight guest while in Lexington competing at a NASA event, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject's property. The barriers to access at the property have endangered his safety.

10. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities,

privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

13. The Defendant has discriminated against and are continuing to discriminate against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Motel 6 hotel, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

**Parking**

A. In the parking lot, accessible parking spaces are missing the signs identifying the space as accessible parking, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

B. In the parking lot, signs identifying van accessible parking are missing, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

C. In the parking lot, there are an insufficient number of designated accessible parking spaces, in violation of section 208.2 of the ADA 2010 Standards and

        1991 ADAAG section 4.1.2 whose remedy is readily achievable.

D.    The defendant does not have policies in place to reserve the accessible parking spaces for patrons and guests who require mobility accessible designated parking and parks hotel equipment and a lawn mower in the space in violations of the ADA's general nondiscrimination requirements.

**Lobby Restroom**

E.    In the lobby area restroom bathroom, the rear grab at the water closet is mounted too high, where it should be mounted at a height between 33" minimum and 36" maximum above the finish floor measured to the top of the gripping surface, in violation of the ADA section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.26.2, whose remedy is strictly required or at minimum is readily achievable.

F.    In the lobby area restroom bathroom, the flush handle is not located on the open side of the toilet and cannot be operated without excessive force and hand dexterity, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is strictly required or at minimum is readily achievable.

G.    In the lobby area restroom bathroom, the paper towels are mounted too high and out of the maximum reach range, in violation of the ADA section

      308.3.1 of the 2010 Standards and section 4.2.5 of the 1991 ADAAG, whose remedy is strictly required or at minimum is readily achievable.

H.     In the lobby area restroom bathroom, the sink is missing the required knee and toe clearances, in violation of the ADA section 306.3 of the 2010 Standards and 1991 ADAAG sections 4.19.2 and 4.24.3, whose remedy is strictly required or at minimum is readily achievable.

I.     In the lobby restroom the height of the mirror above the lavatory is out of compliance as it is mounted in excess of 40 inches above the finish floor to the reflective surface, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or at minimum is readily achievable.

**Mobility Accessible Guest Room #101**

J.     In the accessible guest room bathroom the pocket door's handles and security latch are not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section: 4.27.4, whose remedy is strictly required or at minimum is readily achievable..

K.     In the mobility accessible guest room bathroom, the rear grab bar at the water closet is mounted too high at 44.5 inches in height, where it should be

mounted at a height of 33" minimum and 36" maximum above the finish floor measured to the top of the gripping surface, in violation of the ADA section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.26.2, whose remedy is strictly required or at minimum is readily achievable.

L. In the mobility accessible guest room bathroom, the rear grab bar at the water closet is not compliant, as it is only 24" long, in violation of the ADA section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.26.2, whose remedy is strictly required or at minimum is readily achievable.

M. In the mobility accessible guest room bathroom, the toilet's side grab is not compliant.  It is not mounted on a side wall or partition and is instead built free standing, in violation of the ADA section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.26.2, whose remedy is strictly required or at minimum is readily achievable.

N. In the mobility accessible guest room, the toilet is not located within the range allowed from any side wall or partition, in violation of the ADA section 604.2 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

O. In the mobility accessible guest room bathroom, the toilet paper is not properly mounted or located 7 inches minimum to 9 inches maximum in front of the water closet, in violation of the ADA and section 604.7 of the

2010 Standards whose remedy is strictly required or at minimum is readily achievable.

P. In the mobility accessible guest room bathroom, the flush handle is not located on the open side of the toilet and cannot be operated without excessive force and hand dexterity, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is strictly required or at minimum is readily achievable.

Q. In the mobility accessible guest room, there is not the required 30 inch wide minimum by 60 inch long minimum clearance adjacent to the open face of the shower compartment, in violation of the ADA and section 608.2.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

R. In the accessible guest room bathroom, the roll-in shower stall is out of compliance as it does not measure 30" wide minimum by 60" deep minimum clear inside dimensions measured at center points of opposing sides and does not have a 60 inches wide minimum entry on the face of the shower compartment, in violation of the ADA and section 608.3.2 of the 2010 Standards and section 4.21.2 of the 1991 ADAAG figure 35b, whose remedy is strictly required or at minimum is readily achievable.

S. In the mobility accessible guest room bathroom, there is no fixed seat in the

roll-in shower, in violation of sections 608.4 of the 2010 ADA Standards and 1991 ADAAG sections 9.1.2, figure 57(a), figure 57(b) and 4.21.3, whose remedy is strictly required or, at minimum, readily achievable.

T.  In the mobility accessible guest room bathroom, the Roll-in shower stall is out of compliance because there are grab bars missing on the side and control walls, and the back wall grab bar is mounted too high, in violation of the ADA and section 608.3.2 of the 2010 Standards and Figure 37(b) of the 1991 ADAAG, whose remedy is strictly required or, at minimum, readily achievable.

U.  In the mobility accessible guest room bathroom, the roll-in shower sprayer is out of compliance because the controls are mounted above the 48" maximum height and it does not have an on/off valve, in violation of the ADA and sections 608.5.3 and 608.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

**Mobility Accessible Guestrooms Generally**

V.  The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers standard guest rooms with 1 King bed and 2 Double Beds. Rooms offering 2 Double Beds are available only to able bodied guests. Guests who require accessible accommodations are restricted to a standard room with one king-sized bed

and therefore fewer room classes as well as are required to rent more than one room in order to obtain more than one bed (costing a disabled patron more money). Whereas, able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is strictly required or at a minimum is readily achievable.

W. The Defendant's Motel 6 has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 110 guestrooms such as this Motel 6, there must be a minimum of 5 mobility accessible guestrooms without a roll-in shower and a minimum of 2 of mobility accessible guestrooms with a roll-in shower, totaling 7 designated mobility accessible guestrooms.

**Policies and Procedures:**

X. The Defendants lacks or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

Y. The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Richard Wagner.

15. The discriminatory violations described in Paragraph 14 by Defendant Hari Aum LLC are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to document, photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned and operated by Hari Aum LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the

Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility readily accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel or at minimum make those readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that

relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The Defendant Hari Aum LLC, operates or owns a "place[s] of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

23. Defendant has committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. Defendant's property is replete with barriers to handicap access that discourage, dissuade and impair usage of the hotel's amenities and ability to navigate the property. Defendant's unlawful acts also impair the Plaintiff's ability to perform the important basic function of bathing in his own transient lodging guestroom.

24. The Defendant's acts are willful, severe and ongoing.

25. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow

full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel or at minimum to make those readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

<u>/s/ Owen B Dunn Jr.</u>
Owen B. Dunn, Jr., Esq. 0074743
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com
Attorney for Plaintiff Richard Wagner