**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD WAGNER, | ) | CASE NO. 1:25-CV-1026 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HARI AUM LLC, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Plaintiff's motion for default judgment.  (ECF No. 8).  For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for default judgment and awards relief as herein stated.

## I.       PROCEDURAL HISTORY

On May 19, 2025, Plaintiff filed a complaint against Defendant for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12188(a) ("ADA") and Ohio Revised Code § 4112.02(G).   Plaintiff served Defendant with the complaint on May 29, 2025.  (ECF No. 3). Defendant failed to answer or otherwise respond.  On June 30, 2025, Plaintiff moved for, and the Clerk of Court entered, default against Defendant.  (ECF Nos. 5, 6).  On September 12, 2025, the Court ordered Plaintiff to file the appropriate motion, affidavit, and proposed order for default judgment or show cause as to why the case should not be dismissed for want of prosecution.  (ECF No. 7).  On September 29, 2025, Plaintiff moved for default judgment against Defendant.  (ECF No. 8).  Plaintiff attached proof of service of the complaint, Plaintiff's declaration, proof of a motel room reservation and receipt, a Site Accessibility Evaluation, and counsel's current resume and timekeeping records concerning the case.  *See* (ECF Nos. 8-1, 8-2, 8-3, 8-4, 8-5, 8-6).

1

## II.     FACTUAL BACKGROUND

Plaintiff is a spinal paraplegic and ambulates through use of a wheelchair. (ECF No. 1, PageID #3, ¶ 7). Plaintiff competes as a licensed competition driver with the National Auto Sport Association two to three times annually at the Mid-Ohio Race Complex located in Lexington, Ohio. (*Id.* at ¶ 8). On April 19, 2024, Plaintiff competed at the Mid-Ohio Race Complex and stayed at the Motel 6 located at 848 State Route 97 West, Bellville, Ohio 44813 ("Motel 6") as an overnight guest from April 19 until April 21, 2024. (*Id.* at ¶ 9). The Motel 6 is owned and/or operated by Defendant. (*Id.* at ¶¶ 5, 6). Plaintiff alleges that the Motel 6 is not compliant with the ADA. Plaintiff identifies non-compliance in several areas, including the parking lot, lobby restroom, and mobility accessible guest room identified as room number 101. (*Id.* at ¶ 14(A)–(Y)).

## III.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. Fed. R. Civ. P. 55. Default judgment requires a two-step process. First, the plaintiff must obtain entry of default by the clerk once "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, the plaintiff must move the clerk or the Court for default judgment. Fed. R. Civ. P. 55(b). If the plaintiff's claim is for a sum uncertain or cannot be made certain by computation, the plaintiff must move the Court for default judgment. Fed. R. Civ. P. 55(b)(1).

Default judgment on well-pleaded allegations establishes only Defendant's liability; Plaintiff must establish the extent of damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The Court may determine damages without an evidentiary hearing if the damages are

2

"capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *Wilson v. D & N Masonry, Inc.*, No. 1:12-CV-922, 2014 WL 30016, at \*1 (S.D. Ohio Jan. 3, 2014) (citation omitted).  At this stage of the proceedings, the Court must accept the complaint's factual allegations as true, and the Court must determine whether the facts alleged in the complaint are sufficient to state a claim.  *See J & J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at \*1 (N.D. Ohio Nov. 25, 2008); *Methe v. Amazon.comdedc, LLC*, No. 1:17-CV-749, 2019 WL 3082329, at \*1 (S.D. Ohio July 15, 2019).

## IV.  ANALYSIS

### A.  Liability

#### 1.  *ADA Violation (Count 1)*

Plaintiff alleges that he was denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the Motel 6 because of its non-compliance with the ADA. (ECF No. 1, PageID #12).  The ADA protects individuals with disabilities and, through Title III, bars discrimination in places of public accommodation.  *See* 42 U.S.C. § 12182(a).  Title III prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  *Id*.  Title III identifies several types of discrimination under 42 U.S.C. § 12182(a), including "failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities … where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).

3

Motel 6 is a place of public accommodation which is owned and/or operated by Defendant. *See* 42 U.S.C. § 12182(7)(A) (defining a public accommodation to include "an inn, hotel, motel, or other place of lodging"); (ECF No. 1, PageID #2). Defendant is thus responsible for ensuring that the Motel 6 is ADA compliant. Plaintiff raises at least eighteen ADA violations in its Site Accessibility Evaluation. (ECF No. 8-4). Most of the cited violations are in the accessible guestroom, which lacks, *inter alia*, appropriately mounted and sized grab bars, adequate turning space, required roll-in shower specifications, and adequate toe clearance for the bathroom sink fixture. (*Id.*). Plaintiff experienced the cited structural barriers in April 2024 as an overnight guest.[1] (ECF No. 1, PageID #3, ¶ 8). The Court finds that Plaintiff adequately alleges facts sufficient to state a Title III ADA claim. Thus, Plaintiff is entitled to default judgment against Defendant for violations of the ADA.

### 2. *Ohio Revised Code Violation (Count 2)*

Plaintiff further claims Defendant violated O.R.C. § 4112.02(G), which prohibits unlawful discriminatory practice for:

> [A]ny proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

O.R.C. § 4112.02(G).

Ohio law mirrors the ADA; therefore, the Court may evaluate both Plaintiff's state and federal claims under the ADA analytical framework. *See Rosebrough v. Buckeye Valley High Sch.*, 690 F.3d 427, 431 (6th Cir. 2012). Based on the above ADA analysis, Plaintiff has alleged

---

[1] Plaintiff further intends to return to the Motel 6 and establishes standing to bring a Title III claim under the ADA. *See Neal v. Morales Real Est. Invs., Ltd.*, No. 2:18-CV-632, 2020 U.S. Dist. LEXIS 110347, 2020 WL 3433149, at *2–3 (S.D. Ohio June 23, 2020).

sufficient facts which taken as true state a claim for violation of O.R.C. § 4112.02(G).  Thus, Plaintiff is entitled to default judgment against Defendant for violations of O.R.C. § 4112.02(G).

### B.  Relief

Plaintiff seeks several forms of relief.  He asks for injunctive relief under the ADA, compensatory damages under O.R.C. § 4112.99, and attorney's fees and litigation expenses and costs under both statutes.  (ECF No. 8, PageID #53–54).  The Court will review each form of relief in turn.

### 1.  Injunctive Relief

The ADA permits a private individual to seek injunctive relief for violations of Title III. 42 U.S.C. § 12188.  Injunctive relief for a failure to remove architectural barriers where such removal is readily achievable "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities[.]" 42 U.S.C. § 12188(a)(2). Given the Court's holding that Defendant violated the ADA, along with the remedies set forth in 42 U.S.C. § 12188(a)(1)–(2), Plaintiff has demonstrated that injunctive relief is appropriate.

The Court notes that Plaintiff requests a permanent injunction against Defendant (1) prohibiting it from discriminating against Plaintiff or disabled individuals at its place of public accommodation, and (2) ordering the immediate closure of Motel 6 until completion of all remedial alterations necessary to render the premises accessible.  (ECF No. 8, PageID #53–54).  The Court hereby grants Plaintiff's request for a permanent injunction prohibiting Defendant from discriminating against Plaintiff or disabled individuals at its place of public accommodation.  As to Plaintiff's request that Motel 6 is ordered to be immediately closed until completion of remedial alterations, the Court denies Plaintiff's request.  As other district courts have held, and given the Court's order prohibiting Motel 6 from discriminating against disabled individuals, immediate

5

closure of Motel 6 is unnecessary.  *See Kramer v. 4447 Prop., LLP*, No. 1:25-CV-00797, 2025 WL 3274427, at *4 (N.D. Ohio Nov. 19, 2025) ("Kramer's request to order Grill 55 closed until the violations are remedied is unnecessary.") (citing *Wagner v. ST Powell, LLC*, No. 2:24-CV-1045, 2025 WL 2711394, at *3 (S.D. Ohio Sept. 23, 2025) ("Mr. Wagner's request to order Doaba Indian Restaurant closed until the code violations are remedied is unnecessary.")).

### 2. Damages

Pursuant to O.R.C § 4112.99, Plaintiff seeks $25,000 in compensatory damages for Defendant's violations under Ohio law.  (ECF No. 8, PageID #54).  In support, Plaintiff attaches his declaration which states that he "suffered monetary losses, mental anguish, as well as injury to [his] dignity and humiliation for inability to use the bathing and restroom facilities" at the Motel 6.  (ECF No. 8-2, PageID #63, ¶ 12).  Plaintiff attaches registration information and a receipt relating to Plaintiff and Plaintiff's father's overnight stay at the Motel 6 from April 19, 2024, through April 21, 2024.  (ECF No. 8-3).  Plaintiff provides no further detail as to the potential effects or manifestations of his mental anguish, injury to his dignity, or humiliation; however, the Court does not believe that additional testimony or an evidentiary hearing will provide new or additional insight into Plaintiff's purported injury, nor did Plaintiff request such a hearing.

The Court acknowledges the importance of ADA compliance among businesses and appreciates the role that private individuals play in ensuring accessibility.  That said, the Court would be remiss not to address Plaintiff's similarly filed lawsuits.  Since 2014, Plaintiff has filed at least forty-three lawsuits against various businesses for non-compliance with the ADA within the Northern and Southern Districts of Ohio.  In several of those cases, Plaintiff self-identifies as a "'tester' for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations" as "a routine practice."  *See* Compl. at 5, Wagner v. Skyline

Cleveland Renaissance, LLC, No. 24-CV-00556 (N.D. Ohio 2024), Dkt. No. 1.[2]  Plaintiff routinely inspects premises like the Motel 6 and assists the ADA Compliance Network, founded by Plaintiff, in the preparation of Site Accessibility Evaluations to identify existing ADA violations.  (ECF No. 8-2, PageID #63, ¶¶ 12–13); ADA Compliance Network, *About Us*, https://adacompliancenetwork.com/about-us/ (last visited Feb. 19, 2026) ("Founded in 2014 by Rich Wagner, a seasoned ADA compliance expert … [the] ADA Compliance Network has been dedicated to helping businesses, property owners, architects, and legal professionals navigate the complexities of ADA regulations.").

The Court recognizes that encountering accessibility barriers may cause humiliation, frustration, and/or embarrassment.  However, Plaintiff's routine practice of seeking out and identifying alleged ADA/Ohio law violations at myriad places of public accommodation, preparing/helping prepare Site Accessibility Evaluations for same, and filing various lawsuits against those believed to be non-compliant with the ADA and/or Ohio law tends to indicate that he is somewhat well versed and well prepared psychologically and emotionally for the situations he encounters.  While Plaintiff's efforts to root out such violations may be laudable, the Court does not believe that Plaintiff has demonstrated harm to justify an award of the $25,000.00.  Nonetheless, the Court appreciates the importance of public accommodations being accessible to

---

[2] While many of these cases are pending or resulted in a private settlement agreement, some courts issued consent decrees and orders granting monetary relief.  *See* Consent Decree and Order, Wagner v. Varsity Club, Inc., et al. No. 16-CV-00679 (S.D. Ohio Dec. 14, 2016), Dkt. No. 16 (Plaintiff and counsel received $8,430.00 for damages, fees, and expenses); Consent Decree and Order, Wagner v. 601 Vine Hotel, LLC, No. 17-CV-00692 (S.D. Ohio Jan. 16, 2018), Dkt. No. 8 ($17,000.00 for the same); Consent Decree and Order, Wagner v. Viking Partners Kenwood, LLC, No. 18-CV-00058 (S.D. Ohio Feb. 23, 2018), Dkt. No. 7 ($7,500.00 for the same); Consent Decree and Order, Wagner v. Monopoly Acquisitions LLC, et al., No. 18-CV-00981 (S.D. Ohio Apr. 4, 2019), Dkt. No. 16 ($11,000.00 for the same).  In at least one case, *Wagner v. ST Powell*, No. 24-CV-1045, 2025 WL 2711394 (S.D. Ohio 2025), the Southern District similarly decided a motion for default judgment with the same legal claims and awarded Plaintiff $10,000 for compensatory damages, despite Plaintiff's request of $25,000 for compensatory damages on the same grounds of mental anguish, humiliation, and injury to his dignity.

those with disabilities and the need for accountability when they are not.  Accordingly, the Court awards compensatory damages of $2,500.00 to properly compensate Plaintiff for the monetary loss, mental anguish, humiliation, and injury to his dignity alleged.

### 3.   Attorney's Fees

Plaintiff seeks attorney's fees and litigation expenses.  Under 42 U.S.C. § 12205, the Court may award "reasonable attorney's fees, including litigation expenses, and costs" for ADA violations.  To calculate attorney's fees, the Court uses the "lodestar" method to determine whether an attorney's fees are reasonable by calculating the "proven number of hours reasonably expended on the case by an attorney, multiplied by [the] court-ascertained reasonable hourly rate." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000); *Betancourt v. Indian Hills Plaza LLC*, 87 F.4th 828, 831 (6th Cir. 2023).  District courts have "broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).  To determine a reasonable hourly rate, the Court may rely on "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Howe v. City of Akron*, No. 5:06-CV-2779, 2016 WL 91670, at *6 (N.D. Ohio Mar. 10, 2016) (quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011)).

Plaintiff seeks $9,292.50 in attorney's fees, which is based on 26.55 hours of work at an hourly rate of $350.00.  (ECF No. 8-6).  Plaintiff relies on several analogous cases where his counsel received attorney's fee awards, including two of counsel's recent cases within the Sixth Circuit.  *See Wagner v. ST Powell, LLC, et al.*, 2:24-CV-1045, 2025 WL 2711394, at *5 (S.D. Ohio Sept. 23, 2025) (reasonable rate of $350 per hour); *Caruso v. Surya Hosp. Inv., L.L.C.*, No. 24-CV-10808, 2025 WL 950382, at *2 (E.D. Mich. Mar. 28, 2025) (same).  Plaintiff further supports his

request with a line-item ledger of counsel's hours billed, including detailed entries of the work performed, and counsel's resume.  (ECF Nos. 8-5, 8-6).  The Court finds that Plaintiff proposes a reasonable rate based on counsel's level of experience in plaintiff-side civil rights work and the market rate in the Ohio legal community.  The Court further finds that counsel expended a reasonable amount of time on the matter.  Accordingly, the Court awards attorney's fees in the requested amount of $9,292.50.

### 4.  Costs

Plaintiff seeks $431.48 in litigation costs, including $405.00 for the filing fee, $10.77 for certified mail costs, $1.56 for postage costs, $1.80 for copies, and $12.35 for meals, as itemized on counsel's line-item ledger.  (ECF No. 8-6, PageID #124).  In civil-rights cases, district courts may award litigation expenses and costs to the prevailing party under 42 U.S.C. § 12205, including filing fees and service of process costs.  *See Kramer v. Port Hosp., LLC*, No. 1:06-CV-2889, 2008 WL 2097156, at *1 (N.D. Ohio May 16, 2008); *Shumway v. Devashree Inv. Inc.*, No. 3:20-CV-2768, 2021 WL 1578078, at *2 (N.D. Ohio Apr. 22, 2021).  The Court believes the filing fee, certified mail costs, postage costs, and copying costs as reasonable expenses under 42 U.S.C. § 12205.  With respect to the meal costs Plaintiff seeks, the Court denies Plaintiff's request.  Plaintiff does not cite a case from the Sixth Circuit or otherwise to support an award for meal costs.  Accordingly, the Court awards litigation expenses and costs in the amount of $419.13.

## V.  CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for default judgment under Federal Rule of Civil Procedure 55(b)(2).  Defendant is **PERMANENTLY ENJOINED** from discriminating against Plaintiff or any persons with disabilities at its place of public accommodation.  Defendant is further **ORDERED** to immediately modify the premises of

9

the Motel 6 to ensure that the property is fully accessible and usable by individuals with disabilities, in compliance with Ohio and federal law.  The Court further enters judgment in favor of Plaintiff Richard Wagner and against Defendant Hari Aum LLC in the amount of $12,211.63 (the sum of damages, attorney's fees and costs awarded), plus post-judgment interest at the applicable statutory rate, for the reasons herein stated.

**IT IS SO ORDERED.**

Date: March 2, 2026

_____

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

10